### WILLIAMS & AL. vs. HORTON, CURATOR.

APPEAL from the court of the third district.

A donation of
slaves without
estimation    is
void.

MATHEWS, J., delivered the opinion of the court.   This suit is commenced against the curator of the estate of the absentees, in which the plaintiffs allege themselves to be forced heirs of Rebecca Horton, together with Mary Ann Spencer, who is made defendant in the

East'n. District.
*May,* 1826.

WILLIAMS&AL
*vs.*
HORTON,
CURATOR.

action, through the medium of the curator of her estate, appointed in consequence of her absence from the state. The object of the suit on the part of the petitioners, is to have two deeds, by which Rebecca Horton in her life time conveyed certain property to said Mary Ann, set aside and annulled on the ground of fraud and prejudice to the plaintiffs, as forced heirs of the grantor. One of these instruments purports to be an act of sale, the other a deed of gift. The cause was submitted to the decision of a jury in the court below, who found a verdict, declaring the act of sale to be fraudulent, and that of donation to be void, on account of legal informality in its execution. On this verdict a judgment was rendered, decreeing both acts to be void, and deciding that the property intended to be conveyed by them, belonged to the succession of the vendor and donor; from which this appeal was taken on the part of the defendant.

A new trial was moved for in the district court on several grounds. 1st. Because the verdict is manifestly contrary to the law and evidence of the case. 2d. That it is insufficient and informal, as not having decided on all the

East'n. District. matters at issue between the parties, particu-
May, 1826.
larly in not finding that the property should
WILLIAMS&AL be collated and partitioned.    3d. Because
*vs.*
HORTON,     the jury erred in rescinding the donation.
CURATOR.

The appellants according to the points
filed in this court, seem to rely principally on
the same grounds, for a reversal of the judg-
ment of the inferior court, which were there
assumed in support of their motion for a new
trial. In relation to the allegation of simulation
and fraud in the act of sales; being a subject
most properly cognizable by a jury, unless their
verdict be clearly contrary to the weight of
evidence in the cause; it would not be correct
for this court, or the judge of the court below,
to set it aside.   The whole evidence of the
case, which appears by the record to have
been heard by the jury, in our opinion, estab-
lishes facts from which they may have fairly
inferred simulation in the deed of sale, and
consequently fraud on the rights of the appel-
lees as forced heirs of the seller.   The objec-
tion made to the verdict on account of not
having decreed a collation and partition of
the succession of R. Horton, is wholly without
foundation; for the sole, or at least principal
object of the present suit, is to destroy the

East'n. District.
*May,* 1826.

WILLIAMS&AL
*vs.*
HORTON,
CURATOR.

effect of the acts of sale and donation made by the mother of the parties: and if they be null and void, collation will have nothing to do in the case, because the property which was intended to be conveyed by them must be considered as constituting an unappropriated part of her estate.

The reasons why our legislature, in conformity with the legislation of France, should have embarrassed donations with so many forms, are not very palpable and evident to the minds of men who are only conversant with ordinary affairs of human life; in truth, they cannot be considered as very conspicuous and imposing on those learned in the law. Why honest generosity should be thus trammeled, is not easy to account for; *sed ita lex.* In resorting to *Toullier's Commentary on the Code Napoleon,* it is discovered that tradition, *i. e.* delivery *de manu in manum* of movables, according to the decisions of the courts of justice in France, dispenses with many, if not all the forms prescribed by the Code for the perfection of donations. See 5 *Toullier, p.* 181 *to p.* 184. Want of estimation of the property given, is cured by delivery of moveables. The forty eighth article of our late Civil

East'n. District.
May, 1826.

WILLIAMS&AL
vs.
HORTON,
CURATOR.

Code is *verbatim* that of the 948th article of the *French Code;* except that ours provides expressly in the same manner for the donation of slaves, and requires that an estimate should be made of them and signed by both donor and donee, &c. There can be no doubt, according to the interpretation given to this law by French jurists, and which we believe to be correct, of tradition of movables obviating the invalidity of a donation, which would otherwise take place for want of an estimate. The only question which remains for examination is, whether the delivery of slaves, under a deed of grant, made and accepted in due form, will, agreeably to the general rules of property in this state, produce the same effect?

The principal reason which seems to have influenced the opinions and decisions of those who have considered tradition of moveable property made in pursuance of a will to give, as sufficient to cure all defects of form in donations, is that possession of this kind of property is held to be equivalent to title, or in other words, to be evidence of title. But according to our laws in relation to titles by which property is held, a written instrument

is required in order to transfer slaves from one proprietor to another; and when the evidence offered in support of title to them is an act of donation, to give it validity, it must appear clothed with all the formalities required by law, and sanctioned by an authentic deed. Mere possession is not evidence of title. In the present case, the notarial act is invalid for want of the estimate required by the code, and is therefore no evidence of title in the donee, because donations cannot be supported by any instrument inferior to authentic acts. In this species of contract, forms appear to assume the place of substance. From the foregoing review of the case, there can be no difficulty in perceiving the difference in the legal principles which govern it from those on which the decisions were made, relative to synallagmatic contracts, relied on by the counsel for the appellants.

It is therefore ordered, adjudged and decreed, that the judgment of the district court be affirmed with costs.

*Watts & Lobdell* for the plaintiffs. *Preston* for the defendant.